UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

ANGELA CLEMENTE,

                    Plaintiff,

       v.

FEDERAL BUREAU OF INVESTIGATION
    Et al.,

                    Defendants

C. A. No. 08-12!2
    (PLF)

---

## SUPPLEMENTAL COMPLAINT FOR INJUNCTIVE RELIEF
[Freedom of Information Act, 5 U.S.C. § 552, et seq.]

### JURISDICTION AND PARTIES

1. Plaintiff Angela CLEMENTE ("CLEMENTE") brings this action under the Freedom of Information Act ("the FOIA"), 5 U.S.C. § 552, as amended.

2. Plaintiff, a well-known forensics intelligence analy‹t, brings this lawsuit to enjoin the UNITED STATES DEPARTMENT OI JUSTICE ("JUSTICE") and the FEDERAL BUREAU OF INVESTIGATION ("FBI") from withholding information she has requested under the

Freedom of Information Act ("FOIA"). She demands that, as required by the FOIA, this information be promptly disclosed to her.

3. Over the past decade, plaintiff has conducted an exhaustive examination of the relationship between notorious Mafia hit man GREGORY SCARPA, SR. ("SCARPA"), also known as `The Grim Reaper," and the FBI agent he exclusively reported to, FBI Supervisor ROY LINDLEY DEVECCHIO ("DEVECCHIO"). CLEMENTE has spent years gathering information about the FBI's relationship with SCARPA, and she assisted the Brooklyn District Attorney in filing charges against DEVECCHIO. However, the efforts she and others have made to obtain critical information from the FBI about this relationship were not accommodated prior to the filing of this lawsuit.

4. Defendant DEPARTMENT OF JUSTICE is an agency of the United States and has possession and control of records requested by plaintiff which are the subject of this action.

5. Defendant FEDERAL BUREAU OF INVESTIGATION is a component of the DEPARTMENT OF JUSTICE and has possession and control of records requested by plaintiff which are the subject of this action.

6.  Defendants JOHN DOE AGENCY #1 through JOHN DOE AGENCY #10 are other agencies of the United States Government to which

3

the FBI has referred or will refer documents or information
responsive to plaintiff's request.

## COUNT I – SCARPA INFORMANT FILES

7. Plaintiff realleges the allegations set forth in
paragraphs 1-6 above.

8. By letter dated April 12, 2008, plaintiff submitted a
pro se request to FBI Headquarters ("FBIHQ") for the entire
unredacted SCARPA file. She enclosed a copy of his obituary. See
Exhibit 1. Subsequently, by letter dated May 21, 2008, plaintiff
repeated her prior request. See Exhibit 2.

9. By letter dated June 9, 2008, FBIHQ acknowledged receipt
of Plaintiff's request and assigned it FOIPA No. 1115387. See
Exhibit 3.

10. By letter dated July 9, 2008, plaintiff, now
represented by counsel, modified her original request for the
file on SCARPA to the first 500 pages falling within the
following three categories:

(a) all records pertaining to New Orleans Mafia Chief
Carlos Marcello

(b) all records pertaining to any trip SCARPA made to Costa
Rica;

4

(c) all records in any informant file in chronological sequence, commencing with the earliest date through latest date. See Exhibit 4.

11. Plaintiff further demanded that her request be placed in the "short hit queue" by the FBI.

12. No further correspondence has been exchanged between the parties except as set forth below.

13. Plaintiff has exhausted her administrative remedies.

14. Plaintiff has a legal right under the FOIA to obtain the information she seeks, and there is no legal basis for the FBI's denial of said right.

## COUNT II- FEE WAIVER

15. Plaintiff realleges the allegations set forth in Paragraphs 1-6 and 13 above.

16. By letter dated July 9, 2008, plaintiff requested a public interest fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A) (iii). In her application for a fee waiver, plaintiff stated that the disclosure of the information she seeks will shed significant light on government operations and/or activities, including on such matters as (a) the FBI's knowledge about SCARPA's murderous activities while he was serving as its informant; (b) the relationship between SCARPA and the FBI,

including the extent to which this relationship corrupted the system of justice; and (c) the FBI's violation of the President John F. Kennedy Assassination Records Collection Act of 1992 ("JFK Assassination Records Act") by failing to identify and turn over to the National Archives and Records Administration informant materials on Carlos Marcello which had been requested by the House Select Committee on Assassinations.

17. Plaintiff further stated in her fee waiver application that she is capable of disseminating the information obtained to the public through various prominent members of the news media, who have already indicated to her their interest in this lawsuit and the disclosure of any records obtained as a result of the suit.

18. By letter dated August 18, 2008, plaintiff, through counsel, supplemented her request for a waiver of copying fees by submitting a copy of an article from the July 22, 2008, edition of the New York Times to show both public interest in the subject of her request and her ability to disseminate information. The letter also noted that she had been inter-viewed at length by journalist Rita Cosby for a "48 Hours" story on her investigation of Mr.Scarpa." See Exhibit 5.

19. By letter dated August 19, 2008, her counsel corrected an error in his July 18th letter, informing the FBI that Rita Cosby had interviewed CLEMENTE for "Inside Edition," another CBS

program.  He also noted that last year she was interviewed by "48 Hours" for a program that did not air, and that "48 Hours" is currently in contact with her concerning interviews for a future program.  See Exhibit 6.

19.  By letter dated October 10, 2008, Mr. David M. Hardy, Section Chief, Records Information Dissemination Section, Records Management Division, Federal Bureau of Investigation, denied CLEMENTE's request for a public interest fee waiver.  He set forth three grounds for doing so:   first, the reasons cited by Clemente as to why the disclosures will "shed light" on matters of interest to the public were "merely speculative;" second, evidence of her capability of disseminating the requested information was insufficient; and third, no evidence had been provided to show that Ms. Clemente was pursuing her request in other than her commercial interest.".  See Exhibit 7.  Mr. Hardy's letter also advised that the FBI had located approximately 1,170 pages responsive to her request and demanded payment of $107.00 in fees.  Id.

20.  By letter dated November 6, 2008, CLEMENTE's counsel submitted a check for $107.00 to the FBI.  Despite this payment, CLEMENTE has yet to receive a copy of any of the requested records from the FBI.  Rather, she has received 500 pages only from her counsel after he printed out the Vaughn index of those documents from PACER and then spent a couple of hours scanning them into his computer so he could send them to her promptly.  After being advised by counsel for defendants that the FBI had received his $107.00 check for payment of copying costs, plaintiff's counsel was also advised that the FBI was taking the position that it would not provide his client the 500 pages but would have to get them from the digitally filed Vaughn index.

21.  By letter dated December 2, 2008, CLEMENTE responded to the FBI's denial of her fee waiver request.  See Exhibit 8.

21.  No further correspondence has been exchanged between the parties.

22. Plaintiff is entitled to a waiver of search fees and copying costs, and there is no legal basis for the denial of said right.

### THIRD COUNT:  RECORDS RESPONSIVE TO JULY 9, 2008 REQUEST

23. Plaintiff realleges the allegations set forth in Paragraphs 1-6 and 13 above.

24.  By a letter dated July 9,2008, CLEMENTE submitted a second, expanded request for records pertaining to SCARPA.  See Exhibit 9.

25.  The FBI has to date not directly acknowledged this request, except to the extent that its letter of October 10, 2008, indicates that it has processed approximately 1,170 pages of responsive records, more than double the number of pages responsive to CLEMENTE's April 12/May 21, 2008 request as modified by her first June 9, 2008 letter limiting that request to 500 pages.

WHEREFORE, Plaintiff prays that this Court:

1) order defendants to make the requested information promptly available to her;

8

(2) order defendants to grant plaintiff a waiver of search fees and copying costs pursuant to 5 U.S.C. § 552(a)(4)(A)(iii);

(3) order defendants to conduct a thorough search for all responsive records;

(4) order defendants to provide plaintiff a Vaughn index inventorying all responsive records and itemizing and justifying all withholdings;

(5) expedite this action in every way pursuant to 5 U.S.C. § 552 and 28 U.S.C. § 1657;

(6) order defendants to place Plaintiff's request in the "short hit" queue;

(7) award plaintiff reasonable costs and attorney's fees as provided in 5 U.S.C. § 552(a)(4)(E) and/or 28 U.S.C. § 2412(d); and

(8) grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

JAMES H. LESAR #114413
1003 K Street, N.W.
Suite 640
Washington, D.C. 20001
Phone:  (202) 393-1921

Julia Vorsina Greenberg
New York Bar #388561773

9

Empire State Building
Suite 4400
New York, N.Y. 10118

Counsel for Plaintiff

DATED:   December 4, 2008