**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ANGELA CLEMENTE,**<br><br>　　**Plaintiff,**<br><br>　　　　v.<br><br>**FEDERAL BUREAU OF INVESTIGATION, et al.,**<br><br>　　**Defendants.** | **Civil Action No. 08-1252 (BJR)**<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR AN INTERIM AWARD OF ATTORNEY FEES AND COSTS** |

## I.   INTRODUCTION

Plaintiff, Angela Clemente, filed this suit under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, against the Federal Bureau of Investigation ("FBI"), a component of the U.S. Department of Justice, and other unnamed agencies (collectively "Defendants"). Before the Court is Plaintiff's Motion for an Interim Award of Attorney Fees and Costs. Dkt. No. 88 ("Mot."). Defendants oppose the motion. Dkt. No. 91 ("Opp."). For the reasons stated below, the Court DENIES Plaintiff's motion without prejudice.

## II.   BACKGROUND

Plaintiff filed this FOIA action against Defendants on July 21, 2008, seeking to obtain an unredacted copy of the FBI's file on the late Gregory Scarpa, Sr., a high-ranking Mafia member who served as an FBI informant. *See Clemente v. F.B.I.*, 741 F. Supp. 2d 64, 71 (D.D.C. 2010). The parties have been through two rounds of cross motions for summary judgment. *See* Dkt. Nos. 11, 25-40, 51-52, and 78. After the first round of motions, U.S. District Court Judge Paul L. Friedman, to whom this case was originally assigned, found that the FBI had conducted an adequate search for documents responsive to Plaintiff's FOIA request, but directed the FBI to

supplement its *Vaughn* index and instructed the parties to agree on a representative sample of the documents that were responsive to Plaintiff's FOIA request. *Id*. at 89. In response to Judge Freidman's order, the parties agreed that the FBI would produce a new *Vaughn* index of a representative sample of approximately 192 pages. Dkt. No. 81 at 8.

The FBI reprocessed the sample pages and released further information. *Id*. The matter was transferred to this U.S. District Court Judge on September 1, 2011. Dkt. No. 65. The parties then renewed their cross motions for summary judgment, and on April 23, 2012, this Court granted the FBI's summary judgment motion as to the adequacy of its search for documents related to Plaintiff's FOIA request, but ordered that the non-sample documents be reprocessed in light of the fact that the FBI released additional information when it reprocessed the sample documents. Dkt. No. 81 at 18. The Court also denied Plaintiff's cross motion without prejudice. *Id*. at 19.

In response to the April 23, 2012 order, the FBI once again reprocessed the entire initial release of documents (*i.e*., all of the FBI documents that were responsive to Plaintiff's FOIA request). Dkt. No. 84 at 1. In a status report dated February 2, 2013, the FBI represented to the Court that it reprocessed 1,153 documents and ultimately released to Plaintiff all 1,153 documents. *Id*. The parties further notified the Court that Plaintiff was assessing "which issues, if any, she wishes to further litigate," in light of the FBI's reprocessing, but in the meantime, she intended to seek an interim award of attorney fees. *Id*. The parties informed the Court that they were "attempting to resolve this interim fee issue" and would file another status report within thirty days. *Id*.

The parties filed a second status report on April 25, 2013. Dkt. No. 85. In this report, Plaintiff stated that, on or before May 15, 2013, she intended to file a motion requesting an

interim award of attorney fees. Dkt. No. 85 at 1. Defendants argued that such a motion would be premature and should wait until the conclusion of the case. Defendants further claimed that they "intend[ed] to seek final resolution of the merits of the case by renewing its motion for summary judgment." *Id*. To date, Defendants have not renewed their summary judgment motion.

### III.   DISCUSSION

A court, in its discretion, may grant an interim award for attorney fees to a requesting party who substantially prevails in a FOIA request. *See* 5 U.S.C. § 552(a)(4)(E); *Allen v. FBI*, 716 F. Supp. 667, 671 (D.C. Cir. 1989) (noting that if the "government could circumvent the requirements of the FOIA and avoid full disclosure by a war of attrition…a final award of attorney fees would be like the end of a rainbow, unattainable"). However, the D.C. Circuit has expressly cautioned that courts "should be dissuaded" from granting such requests, and only grant them "in the unusual instances of protracted litigation and financial hardship." *Id*. (noting that a request for an interim award of fees should be granted only in limited circumstances). The Court further stated that courts should consider four factors in determining whether to grant such a request:

> First, the court should consider the degree of hardship which delaying a fee award until the litigation is finally concluded would work on plaintiff and his or her counsel.... Second, the court should consider whether there is unreasonable delay on the government's part.... Third, the court should consider the length of time the case has been pending prior to the motion, and fourth, the period of time likely to be required before the litigation is concluded.

*Id*. at 672 (quoting *Powell v. United States Dep't of Justice*, 569 F. Supp. 1192, 1200 (N.D. Cal. 1983)).

Here, Plaintiff argues that she has substantially prevailed on her claims and is therefore eligible for an award of attorney fees and costs. Mot. at 14. She claims that an interim award of

attorney fees is appropriate because she and her attorney would suffer significant financial hardship if an award of fees was delayed until the end of this matter. *Id*. at 22. Specifically, she alleges that she suffers from terminal cancer and her attorney, who took this case on a contingency fee basis, "has only a small Social Security check as regular income and meager retirement funds" and suffers from several "serious chronic diseases." *Id*. Further, her attorney claims that he will be "unable and unwilling to continue with this litigation" without an interim award of fees. Dkt. No. 95 ("Reply") at 7.

Plaintiff also claims that an interim award of fees is warranted because the government unreasonably delayed the outcome of this case by: (1) failing to meet its statutory obligation to make a determination on Plaintiff's FOIA request, and (2) failing to respond to the administrative application for an interim award of attorney fees that Plaintiff submitted to the FBI. Mot. at 23. Lastly, Plaintiff argues that this case has been pending for nearly five years and the end point of this litigation is "undeterminable." *Id*.

Defendants do not contest whether Plaintiff was the prevailing party in this action; rather, they focus their opposition on whether Plaintiff suffers sufficient "financial hardship" and whether this case has been sufficiently "protracted" to warrant such an award. Defendants contend that Plaintiff has failed to show how her counsel has suffered unique financial hardship as a result of this case, but instead merely discusses the "general hardship" that all attorneys who accept contingency fee cases face. Opp. at 4. Defendants argue that this cannot satisfy the D.C. Circuit's admonition that interim fees be awarded in only "limited circumstances." Otherwise, Defendants claim, "Plaintiff's request for interim fees based on a general hardship of Plaintiff's counsel could be used to justify interim fees in all of Plaintiff's counsel's FOIA contingency cases." *Id*.

Next, Defendants argue that this case has not been sufficiently protracted to warrant an award of interim fees. *Id*. at 5. They point out that it has been nearly a year since the FBI's final production of documents and "Plaintiff has avoided indicating whether—given this final production and the Court's denial of Plaintiff's motion for summary judgment—there are any issues that remain in dispute in this litigation." *Id*. (citing Dkt. No. 84 "The parties are attempting to resolve this interim fee issue before plaintiff decides which issues, if any, she wishes to further litigate"). Moreover, Defendants claim, this case is in the final stage of litigation; they intend to renew their motion for summary judgment, which was previously fully briefed by the parties. "Because this case appears to be in the final stage of litigation, it would be inefficient to award interim fees now." *Id*.

Based on the facts before it, this Court declines to exercise its discretion to grant an interim award of attorney fees. First, although extremely unfortunate, the fact of Plaintiff's terminal cancer is not relevant to this matter. Plaintiff's counsel has agreed to handle this case on a contingency fee basis, so Plaintiff's ability to pay is irrelevant. Second, the Court agrees that Plaintiff's counsel has merely established a general financial hardship that faces all attorneys who accept cases on a contingency fee basis. If the Court were to find this a sufficient basis on which to grant an award of interim fees, such an award would be warranted in all FOIA contingency fee cases. Most importantly, this case has reached the final stages of litigation. Defendants have represented to the Court that they will renew their summary judgment motion, a motion that has already been fully briefed. The Court is not persuaded that defending against Defendants' renewed motion will cause Plaintiff to incur further expenses of a significant nature. Accordingly, the Court will refrain from deciding the issue of attorney fees at this time. *See Biberman v. FBI*, 496 F. Supp. 263, 265 (S.D.N.Y. 1980) (noting that "a determination of the

total amount of fees to be awarded on one motion at the conclusion of the action would more efficiently decide the question than periodic interim decisions"). If, after resolving the Defendants' summary judgment motion, it appears that this matter may continue in a protracted manner, the Court will revisit this issue.

## IV. CONCLUSION

For the foregoing reasons, the Court HEREBY ORDERS as follows:

1. Plaintiff's Motion for an Interim Award of Attorney Fees and Costs (Dkt. No. 88) is DENIED without prejudice;

2. Plaintiff is instructed to notify the Court of any remaining issues in this case within fourteen (14) days of the date of this order; and

3. Defendants are instructed to file their renewed motion for summary judgment within twenty-one (21) days of the date of this order.

Dated this 30th day of August, 2013.

Barbara Jacobs Rothstein
U.S. District Court Judge