**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ANGELA CLEMENTE,**<br><br>    **Plaintiff,**<br><br>    v.<br><br>**FEDERAL BUREAU OF INVESTIGATION, et al.,**<br><br>    **Defendants.** | **Civil Action No. 08-1252 (BJR)**<br><br>**ORDER DENYING PLAINTIFF'S RENEWED MOTION FOR AN INTERIM AWARD OF ATTORNEY FEES AND COSTS** |

## I.     INTRODUCTION

Plaintiff, Angela Clemente, filed this suit under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, against the Federal Bureau of Investigation ("FBI"), a component of the U.S. Department of Justice, and other unnamed agencies (collectively "Defendants"). Before the Court is Plaintiff's Renewed Motion for an Interim Award of Attorney Fees and Costs. Dkt. No. 126. Defendants oppose the motion. Dkt. No. 129. For the reasons stated below, the Court denies Plaintiff's motion.

## II.     BACKGROUND

Plaintiff filed this FOIA action against Defendants on July 21, 2008, seeking to obtain an unredacted copy of the FBI's file on the late Gregory Scarpa, Sr., a high-ranking Mafia member who served as an FBI informant. *See Clemente v. F.B.I.*, 741 F. Supp. 2d 64, 71 (D.D.C. 2010). The parties have been through two rounds of cross motions for summary judgment. *See* Dkt. Nos. 11, 25-40, 51-52, and 78. After the first round of motions, U.S. District Court Judge Paul L. Freidman, to whom this case was originally assigned, found that the FBI had conducted an adequate search for documents responsive to Plaintiff's FOIA request, but directed Defendants to

1

supplement their *Vaughn* index and instructed the parties to agree on a representative sample of the documents that were responsive to Plaintiff's FOIA request.[1] *Id*. at 89. In response to Judge Freidman's order, the parties agreed that Defendants would produce a new *Vaughn* Index of a representative sample of approximately 192 pages. Dkt. No. 81 at 8.

The FBI reprocessed the sample pages and released further information. *Id*. The parties then renewed their cross motions for summary judgment, and on April 23, 2012, this Court granted the Defendants' motion as to the adequacy of the FBI's search for documents related to Plaintiff's FOIA request, but ordered that the non-sample documents be reprocessed in light of the fact that the FBI released additional information when it reprocessed the sample documents. Dkt. No. 81 at 18. The Court also denied Plaintiff's cross motion without prejudice. *Id*. at 19.

In response to the April 23, 2012 order, Defendants once again reprocessed the entire initial release of documents (*i.e*., all of the FBI documents that were responsive to Plaintiff's FOIA request). Dkt. No. 84 at 1. In a status report dated February 2, 2013, Defendants represented to the Court that it reprocessed 1,153 documents and ultimately released all 1,153 documents. *Id*. Per the Court's instruction, the parties filed another joint status report on April 25, 2013 and once again the FBI represented that it had released all of the 1,153 documents. Dkt. No. 85.

Thereafter, Plaintiff filed her first motion for an interim award of attorney's fees and costs. Defendants opposed the motion, arguing that Plaintiff had not established the need for an award of fees prior to the conclusion of the litigation. This Court agreed and denied the motion without prejudice. Dkt. No. 98. The Court did state, however, that it would entertain a renewed motion in the event that this case continued in a protracted manner. *Id*. at 6.

---

[1] The matter was transferred to this U.S. District Court Judge on September 1, 2011. Dkt. No. 65.

On November 14, 2013, Defendants filed a third motion for summary judgment, arguing that the FBI had satisfied all of its obligations under FOIA with respect to this matter. This Court granted in part and denied in part the motion. Dkt. No. 121. Specifically, this Court ordered Defendants to supplement the *Vaughn* Index to address issues raised by Plaintiff regarding the life status of certain individuals. In addition, the Court instructed Defendants to address arguments raised by Plaintiff with respect to two identified documents.[2] Lastly, the Court ordered Defendants to release redacted information contained in a document identified by Plaintiff.[3]

On September 17, 2014, Defendants supplemented the *Vaughn* Index in accordance with the Court's instructions. Thereafter, having not heard anything from the parties for nearly four months, this Court instructed the parties to file a joint status report notifying it of the status of the case. On January 30, 2015, the parties obliged and notified the Court that Plaintiff's counsel had been diagnosed with "a life-threatening blood clot in his right leg." Dkt. No. 123 at 1. However, the parties stated, Plaintiff "will now file a separate report detailing the status of the case and addressing to the extent presently possible her objections to the FBI's [current *Vaughn* Index]." *Id*. at 2. Defendants promised to "review [Plaintiff's] report and determine what issues can be worked out … and which cannot." *Id*. It is unclear from the case docket and/or the parties' representation whether such a report was ever exchanged between the parties. However, nearly six months later, Plaintiff filed the present renewed motion for an interim award of fees. Dkt. No. 126.

---

[2] Document Nos. 703 and 744.
[3] Document No. 418

### III.  DISCUSSION

A court, in its discretion, may grant an interim award of attorney fees to a requesting party who substantially prevails in a FOIA request. *See* 5 U.S.C. § 552(a)(4)(E); *Allen v. FBI*, 716 F. Supp. 667, 671 (D.C. Cir. 1989) (noting that if the "government could circumvent the requirements of the FOIA and avoid full disclosure by a war of attrition…a final award of attorney fees would be like the end of a rainbow, unattainable"). However, the D.C. Circuit has expressly cautioned that courts "should be dissuaded" from granting such requests, and only grant them "in the unusual instances of protracted litigation and financial hardship." *Id*. (noting that an interim award of fees should be granted only in limited circumstances). The Court further stated that courts should consider four factors in determining whether to grant such a request:

> First, the court should consider the degree of hardship which delaying a fee award until the litigation is finally concluded would work on plaintiff and his or her counsel.... Second, the court should consider whether there is unreasonable delay on the government's part.... Third, the court should consider the length of time the case has been pending prior to the motion, and fourth, the period of time likely to be required before the litigation is concluded.

*Id*. at 672 (quoting *Powell v. United States Dep't of Justice*, 569 F. Supp. 1192, 1200 (N.D. Cal. 1983)).

This is Plaintiff's second motion for an interim award of attorney's fees. As noted above, Plaintiff first moved for an interim award of fees on May 23, 2013. Dkt. No. 88. At that time, Plaintiff argued that she had substantially prevailed on her FOIA claims and was therefore eligible to recover attorney's fees. She claimed that an interim award was appropriate because she and her attorney would suffer significant financial hardship if the award was delayed until the end of the case. *Id*. at 22. Specifically, she alleged that she has terminal cancer and her attorney, who took this case on a contingency fee basis, "has only a small Social Security check

as regular income" and suffers from several "serious chronic diseases." *Id*. Further, her attorney claimed that he would be "unable and unwilling to continue with this litigation" without an interim award of fees. Dkt. No. 95 at 7.

This Court denied Plaintiff's request, finding, among other reasons, that Plaintiff had not established financial hardship beyond that which all attorneys who accept contingency fee cases face. In addition, the Court noted that this case had reached its final stages of litigation. In opposing the motion for interim fees, Defendants had represented to the Court that they would be renewing their summary judgment motion, a motion that had already been fully briefed. Therefore, this Court was not persuaded that defending against Defendants' renewed motion would cause Plaintiff to incur further expenses of a significant nature. However, the Court noted, if after resolving the Defendants' summary judgment motion, it appeared that this matter would continue in a protracted manner, the Court would revisit the interim fee issue.

Now, two and a half years later, Plaintiff has renewed her motion for an interim award of fees. Plaintiff once again argues that she has terminal cancer and her attorney continues to suffer from several serious medical conditions. In addition, Plaintiff's attorney claims that he continues to suffer financial hardship. He alleges that "in the past two years, [he] has suffered a net income loss of several tens of thousands of dollars each year." Dkt. No. 126 at 27. He claims that "[s]ome of this loss is directly attributable to this case." *Id*. He further argues that "[i]n this case, [he] has very substantial overhead costs in the form of rent, bar dues, computer, internet and printer services and supplies, etc." *Id*. Plaintiff also points out that this case is now seven years old, and as such, meets the definition of "protracted litigation." Plaintiff attributes the length of this case to "unreasonable delay" by Defendants. Finally, she argues that this case is not yet near

completion, claiming that Defendants' most recent *Vaughn* Index is defective in a number of ways.

Once again, this Court finds that Plaintiff is not entitled to an interim award of fees. First, Plaintiff has failed to establish financial hardship. While Plaintiff's counsel alleges that he has lost "tens of thousands of dollars" in the last two years, he fails to establish that this loss is significantly tied to the instant case. Indeed, counsel only states that "[s]ome of this loss" is attributable to this case. Furthermore, the "substantial overhead" costs that counsel associates with this case (*i.e.* rent, bar dues, computer) are not unique to present case. Rather, they are costs that any attorney would incur to handle any case.

What is more, this Court doubts the veracity of counsel's allegation that he has a net income loss. Indeed, counsel concedes that he was recently awarded nearly $300,000 for legal fees in another FOIA case (a fact that counsel omitted until it was brought to the Court's attention by the Defendants in their opposition to the present motion). Counsel argues that "whether [he] was awarded fees in another case is irrelevant to whether he should also be awarded fees in this case." Dkt. No. 130 at 3. This argument misses the point. The issue in this motion is not whether Plaintiff will ultimately be entitled to recover attorney's fees; rather, the issue is whether she is entitled to an interim award of such fees before the conclusion of the case. As the D.C. Circuit has instructed, interim fees should only be awarded "in the unusual instances of protracted litigation and *financial hardship*." *Allen*, 716 F. Supp. at 671 (emphasis added). The Court finds it difficult to believe that counsel is suffering financial hardship in light of the attorney fee award he received three months ago, on July 15, 2015 (*i.e.* before the present motion was filed). *See Hall v. CIA*, 4-cv-00818 (DDC) Dkt. No. 237.

Second, this Court does not find that Defendants have unreasonably delayed this case. To the contrary, any delay in this case is at least equally attributable to Plaintiff. For instance, since the inception of this case, Plaintiff has requested at least fifteen extensions to case management deadlines (as compared to Defendants' twenty requests). In addition, it is Plaintiff's responsibility to move this case forward, something Plaintiff has woefully failed to do. In fact, this case has frequently sat dormant until the Court sparked action through a request for a status update. For instance, this Court ruled on the second round of cross summary judgment motions in April, 2012. There was no activity on the case docket until the end of January, 2013 when this Court requested a status update. The same thing happened after this Court ruled on Defendants' third motion for summary judgment in August, 2014. There was no activity on the docket until January, 2015 when this Court again requested a status update. After the parties filed the status update on January 30, 2015, there was no significant activity on the docket under Plaintiff filed the present motion six months later on July 22, 2015. Thus, while this Court agrees that seven years is a long time to be in litigation, in this case, the length of litigation can be largely attributed to Plaintiff's dilatory conduct.

Lastly, this case must be near its conclusion. The parties have been through three rounds of summary judgment and Defendants have supplemented the *Vaughn* Index seven times. Plaintiff claims that Defendants' latest *Vaughn* Index raises issues that "will require considerable additional litigation time and effort." Dkt. No. 126 at 29. The Court finds this highly unlikely. At this point in the litigation, the points of contention between the parties have dwindled down to just a few. Accordingly, the Court will address the matter of attorney's fees at the conclusion of this litigation. It is an inefficient use of the Court's time to address the matter twice.

The Court is concerned, however, about the glacial pace at which this case is proceeding. Therefore, on or before November 13, 2015, Plaintiff must notify Defendants of any objections that she has to latest *Vaughn* Index. In doing so, Plaintiff must remain cognizant of this Court's prior orders pertaining to the summary judgment motions in this case. If Plaintiff fails to provide Defendants with her objections by the November 13, 2015 deadline, the Court will assume that Plaintiff waives any further objections to the *Vaughn* Index. If Plaintiff does submit her objections in a timely manner, the parties are instructed to attempt to resolve the remaining issues. If the parties are unable to resolve the issues by December 16, 2015, the parties shall brief the remaining issues for the Court. Plaintiff's opening brief shall be filed on or before January 11, 2016, Defendants' response shall be filed January 26, 2016 and Plaintiff's reply, if any, shall be filed February 2, 2016.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's Renewed Motion for an Interim Award of Attorney's Fees and Costs is HEREBY DENIED. Plaintiff is instructed to file her objections, if any, to Defendants' latest *Vaughn* Index on or before November 13, 2015. If Plaintiff fails to do so, this Court will consider any remaining objections waived. If Plaintiff does submit her objections in a timely manner, the parties are instructed to attempt to resolve the remaining issues. If the parties are unable to resolve the issues by December 16, 2015, the parties shall brief the remaining issues for the Court. Plaintiff's opening brief shall be filed on or before January 11, 2016, Defendants' response shall be filed by January 26, 2016, and Plaintiff's reply, if any,

shall be file on or before February 2, 2016. The opening and response briefs shall be limited to ten pages; the reply brief shall be limited to five pages.

Dated this 16th day of October, 2015.

Barbara Jacobs Rothstein
U.S. District Court Judge