UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANGELA CLEMENTE,

    PLAINTIFF,

v.      C. A. No. 08-1252 (BJR)

FEDERAL BUREAU OF
    INVESTIGATE, ET AL.

    DEFENDANT

PLAINTIFF'S PARTLY OPPOSED MOTION FOR RECONSIDERATION

Plaintiff Angela Clemente ("Clemente") moves the Court to alter and amend its Order Denying Plaintiffs Renewed Motion for an Award of Attorney's Fees and Costs, ECF 131, issued October 14, 2015. The undersigned counsel is keenly aware of this Court's Standing Order, ECF 75, which states: "Motions for Reconsideration are strongly discouraged." Id. at 2.H (emphasis in original) and does not wish to disregard that injunction. However, for the reasons set forth below, the Order is deeply flawed both legally and factually and needs to be corrected.

This motion is made pursuant to Rule 59 of the Federal Rules of Civil Procured and the general equitable powers of this Court to alter or amend any order while the power to do so remains within the Court's jurisdiction.

2

Counsel for the FBI has advised that it partly opposes the motion for reconsideration; that is, that it does not oppose correction of the wrong citation of Allen v.F.B.1, 916 F. Supp. 667 (D.D.C.) as a D.C. Circuit Court opinion.

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION

In its order denying plaintiff's renewed motion for an award of attorney's fees, this Court begins its discussion of Clemente's renewed motion by correctly quoting an Allen v. F.B.I, decision which observed "that if the 'government could circumvent the requirements of the FOIA and avoid full disclosure by a war of attrition. . a final award of attorney fees would be like the end of a rainbow, unattainable'" Court's Order at 4, quoting "Allen v. FBI., 716 F. Supp. 667, 671 (D.C. Cir. 1989)(emphasis added by Clemente). Unfortunately, this cite conflates the DistrictCourt and the Court ofAppeals. The correct cite for the referenced Allen case is 716 F. Supp. 667 (D.D.C. 1989).

The quoted "rainbow" passage is incorrectly cited, but it is harmless because it is legally correct. Both the local rules on interim fee awards and the D.C. Circuit have recognized that such interim fee awards may be appropriate. But the error becomes fatal when the Court goes on to assert:

3

> However, the D.C. Circuit has expressly cautioned that courts "should be dissuaded" from granting such requests, and only grant them "in the unusual instances of protracted litigation and financial hardship." Id. (noting that an interim award of fees should be granted only in limited circumstances).

Id. (emphasis added by Clemente). There is no D.C. Circuit decision endorsing this position. The Court ignores Judge Royce Lamberth's decision in Hall v. CIA, Civil Action No. 08-1252 (D.D.C. July 15, 2015). There, after citing D.C. Circuit precedent that interim FOIA attorney fees may be assessed in FOIA cases,1 Judge Lamberth notes that "[s]ome FOIA cases dealing with interim fees have erected additional bars to interim fee awards that vary from case to case, Cf Allen v. Dep't of Defense., 713 F. Supp. 7 (D.D.C. 1989); Allen v. FB.I..716 F. Supp. 667 (D.DC 1989)." July 14, 2015 Memorandum Op. at 3. Immediately after noting the "four factors" test mentioned in Allen v.F.B.L. Judge Lamberth states: "Allen v. Department of Defense, noted only that the plaintiff had substantially prevailed on several matters and the case had been ongoing for many years before awarding interim fees. Id., citing 713 F. Supp. Id. (emphasis added by Clemente).

---

Nat'l Ass'n of Criminal Defense Lawyers. Inc. v. US Dep't of Justice, 182 F.3d 981 (D.C. Cir. 1999)(citations to supporting D.C. District Court cases omitted).

4

Moreover, when comparing Judge June Green's 1989 decision in <u>Allen</u> with her decision in <u>Allen v. F.B.I.</u>. 751 F.Supp. F.Supp. 255 (D.D.C. 1990)("<u>Allen II</u>") less than a year later, it is apparent that the only barriers to the award of interim fees she imposed were (1) completion of the processing of all the records at issue, and (2) the protracted nature of the litigation, and (3) the contingency nature of the representation undertaken by plaintiff's counsel. Thus, the mention of the "four factors" test, although it is distracting <u>dicta</u>, did not comprise the actual holding in the case.

While Clemente finds no solid basis in the case law for applying the "four factors" test, and certainly no basis in controlling D.C. Circuit Court precedent, she did address the four factors in detail in her Renewed Motion for Interim Attorney Fees. The Court responded with what initially appeared to Clemente's counsel to be a personal attack on his integrity that accused him of misrepresenting facts he had put before the Court. After noting counsel's sworn representations about net income losses in prior years, the Court asserts: "What is more, this Court doubts the veracity[1] of counsel's allegation that he has a net income loss." Order Denying

---

2 The Court also appears to be casting doubts on Clemente's claim that she is terminally ill because she hasn't died yet. She is still terminally ill. The Court's statement that she has liver cancer is untrue.

5

Renewed Motion for Interim Fees at 6. But the Court's doubts about the veracity of counsel's representations are baseless. Those representations dealt with income received in prior years, not income received in 2015. Having made this mistaken assertion, the Court went on to state:

> The Court finds it difficult to believe that counsel is suffering financial hardship in light of the attorney fee award he received three months ago, on July 15, 2015 (i.e. before the present motion was filed). See Hall v. CIA. 4-cv-00814 (DDC) Dkt. No. 237.
>
> Id. at 6 (emphasis added).

This, too, is in error. The CIA had 28 days from the date of the award to move for reconsideration. It did not do so. Although interim attorney fee awards under FOIA are not appealable, the CIA waited the full 60 days from judgment to notify plaintiffs that it was not going to appeal the award. It took more than a month after hat for the fee to actually be paid. That payment relates to this year's income, not the income in prior years.

In opposing Clemente's Renewed Motion, the FBI takes note of the fact that Judge Lamberth had recently awarded $294,000 to the undersigned counsel in another case, Hall v. C.I.A. and asserts that his Renewed Motion in this case "does not mention" it. This is an attempt to make it look like the undersigned counsel

6

was trying to conceal this fact. In fact, Clemente's counsel called this fact to the FBI's attention in this case. He fully expected that if the FBI's counsel was doing his job he would read the <u>Hall</u> opinion and become aware of the exact amount of the award and when it was made.

The Court adopts the line taken by the FBI, saying with respect to the fact that Judge Lamberth had awarded almost $300,000 to Lesar that this is "(a fact that counsel omitted until it was brought to the Court's attention by the Defendants in their opposition to the present motion)." Court's Order at 6. Clemente did not mention the specific sum because she considered it irrelevant, but her counsel had no doubt that the FBI would bring it to the Court's attention.

In response to Clemente's argument that the award of fees to her counsel is irrelevant to the application for interim fees in this case, the Court asserted that

> This argument misses the point. The issues in this motion is not whether Plaintiff will ultimately be entitled to recover attorney's fees; rather, the issue is whether she is entitled to an interim award of such fees before the conclusion of the case. As the D.C. Circuit has instructed, interim fees should only be awarded "in the unusual instances of protracted litigation and financial hardship." <u>Allen</u>, 716 F. Supp. at 671 (emphasis added).

7

First, this is at odds with the "rainbow" quote from <u>Allen</u> which the Court approvingly cited at the outset. The "rainbow" scenario has now repeated itself not once, not twice, but three times. This makes the concession that interim fees may be paid at some point meaningless. The end of the rainbow is forever out of sight. In reality, this amounts to an insistence that the case be prolonged without payment until it is over.

Second, the only financial hardship in <u>Allen</u> was attributed to the fact that the plaintiff's counsel there took the case on a contingency.

Third, this Court's belief that there is no hardship in not acting on the motion for interim fees because counsel got paid in another case is simply misguided and based on presumption and speculation. Most obviously, by not getting paid now, plaintiff is denied the opportunity to invest his money in this or other projects which will further benefit him. Moreover, the Court, following the FBI's lead, is simply presuming facts that are not in evidence. While treating the <u>Hall</u> case payment as some kind of windfall that can support this litigation, neither the FBI nor the Court has any idea what other obligations counsel may have that erode the value of that payment. The Court does not know what tax obligations counsel has; it does not know what family obligations counsel has; it does not know what

8

financial medical obligations he may have or may be expected to have. Additionally, the inability to get paid now rather at some receding time in the future profoundly impacts what he can do to support his clients in this and other cases. Counsel has exceedingly important FOIA requests made on behalf of Clemente and other clients which he cannot file himself and cannot hire other counsel to file because he does not have sufficient funds to do so. This is damaging to the very purpose of the FOIA which interim fees are intended to promote.

To give just one example, Clemente made an important request several years ago which involved the misappropriation of a couple of million dollars by a Government informant who was immunized and allowed to keep $1.6 million dollars that was not hers in exchange for her testimony. The benefit to American taxpayers in bringing this wrongdoing to light is evident, but is currently stymied.

The four factors test, necessarily involves a balancing of the factors. At this point, since what is at issue has been reduced to (1) the applicable matrix rate, and (2) the amount of compensable hours, the weight of the four factors clearly weighs in favor of deciding the relatively simple issues which remain now.

9

## CONCLUSION

For the reasons set forth above, the Court should reconsider its denial of plaintiffs renewed motion for an interim award of attorney's fees and proceed to decide the appropriate Laffey matrix rate and the number of compensable hours.

Respectfully submitted,

/s/
James H. Lesar #114413
930 Wayne Avenue, N.W.
Silver Spring, MD 20910
Phone: 328-5920

Counsel for Plaintiff

Dated: November 12, 2015

UNITED STATES DISSTPJCT COURT
FOR THE DISTRICT OF COLUMBIA

ANGELA CLLEMENTE,

    Plaintiff

v.                         :   C.A. No. 08-1252 (BJR)

FEDERAL BUREAU OF
    INVESTIGATION, et al.

    Defendants

Upon consideration of plaintiff's motion for reconsideration, defendants' partial opposition thereto, and the entire record herein, it is by this Court this _____day_ ofNovember, 2015, hereby

ORDER, that plaintiffs motion BE, and HEREBY IS GRANTED.

                                                      _____
                                                      UNITED STATES DISTRICT COURT