UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANGELA CLEMENTE,<br><br>    Plaintiff,<br><br>        v.<br><br>FEDERAL BUREAU OF<br>INVESTIGATION, et al.,<br><br>    Defendants. | Civil Action No. 08-1252 (BJR)<br><br>ORDER DENYING PLAINTIFF'S<br>MOTION FOR RECONSIDERATION |

On October 16, 2015, this Court issued an Order Denying Plaintiff's Renewed Motion for an Interim Award of Attorney Fees and Costs. Dkt. No. 131. Plaintiff, Angela Clemente, moves this Court pursuant to Federal Rule of Civil Procedure 59(e) to reconsider the Order. Dkt. No. 135.

Rule 59(e) permits a judgment to be altered or amended only when there has been an intervening change in the law, new facts are presented that were not available earlier, or if the court has made a clear error of law or otherwise needs to correct a manifest injustice. *See*, *e.g.*, *Cobell v. Jewell*, 802 F.3d 12, 25 (D.C. Cir. 2015) (quoting *Ciralsky v. CIA*, 355 F.3d 661 (D.C. Cir. 2004)).  Here, Plaintiff does not allege an intervening change in the law or new facts that could not have been raised in the underlying motion. Nor does Plaintiff establish that this Court made a clear error of law. Instead, Plaintiff repeats the same or similar factual arguments that she raised in the underlying motion. Doing so does not create a basis for granting reconsideration. *See*, *e.g.*, *Black v. Tomlinson*, 235 F.R.D. 532, 533 (D.D.C. 2006) (quoting *New York v. United States*, 880 F. Supp. 37, 38 (D.D.C. 1995)) (a motion for reconsideration is "not simply an opportunity to reargue facts and theories upon which a court has already ruled"); *Bond v. U.S.*

1

*Dept. of Justice*, 286 F.R.D. 16, 20 (D.D.C. 2012) ("Re-litigating arguments or legal theories, that could have been raised earlier, do not qualify as an 'extraordinary circumstance' under Rule 59(e)").

Plaintiff does point out that this Court inadvertently cited to *Allen v. FBI*, 716 F. Supp. 667 (D.D.C. 1988) as a D.C. Circuit opinion. Plaintiff is correct that this was an error; however, the error is harmless. While the citation was wrong, the authority is still persuasive. Indeed, Plaintiff's underlying motion listed and applied the four factor test set forth in *Allen*. Nevertheless, Plaintiff urges this Court to disregard the four *Allen* factors and, instead, only consider whether this litigation has been "protracted" and constitutes a "financial hardship." Dkt. No. 138 at 3. The Court considered these factors. As the Court noted in the Order denying Plaintiff's second request for an interim award of fees, Plaintiff is at least equally responsible for the fact that this litigation is entering its seventh year.  Dkt. No. 131 at 7 (noting that Plaintiff repeatedly failed to move the litigation forward until prodded to do so by this Court through requests for status updates). As to whether this case constitutes a financial hardship for Plaintiff's counsel, this Court considered and rejected this argument. *Id*. at 6 ("The Court finds it difficult to believe that counsel is suffering financial hardship in light of the [approximately $300,000] attorney fee award he received three months ago, on July 15, 2015  (*i.e*. before the present motion was filed)).

Lastly, Plaintiff indicates that the parties may seek extensions to the deadlines this Court imposed with regard to the Defendants' latest *Vaughn* Index. (*See* Dkt. No. 131 (setting forth deadlines in the Conclusion)). The Court will grant no further extensions. This case must reach a resolution.

For the foregoing reasons, the Court HEREBY DENIES Plaintiff's Motion for Reconsideration.  **NO FURTHER DEADLINE EXTENSION REQUESTS WILL BE GRANTED**.

Dated this 1st day of December, 2015

*Barbara J. Rothstein*
Barbara Jacobs Rothstein
U.S. District Court Judge